IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. MACKIE JAMES WALKER, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> MS. ROBIN GOLDEN, MR. NORMAN ) <br> WEIDLICH, and DR. KIM SWINDELL, ) <br> ) <br> Defendants. ) | Civil Action No. 3:23-cv-220 <br> Judge Stephanie L. Haines <br> Magistrate Judge Christopher B. Brown |

**MEMORANDUM ORDER**

Presently before the Court is a Motion to Dismiss (ECF No. 22) filed by Defendants Robin Golden ("Golden"), Norman Weidlich ("Weidlich"), and Kim Swindell ("Swindell") (collectively "Individual Defendants").[1] Individual Defendants seek to dismiss a Complaint (ECF No. 8) filed by pro se Plaintiff, Mackie James Walker, Jr. ("Plaintiff"). In the alternative, Individual Defendants seek Summary Judgment. Plaintiff's Complaint asserts an Eighth Amendment claim against Golden, a physician's assistant, Weidlich, a health service administrator, and Swindell, a Medical Director, all employees of Federal Corrections Institution at Loretto ("FCI-Loretto"), where Plaintiff was incarcerated during the events set forth in the Complaint. Plaintiff states that Individual Defendants acted with gross medical negligence and deliberate indifference to his serious medical needs when they failed to order a timely biopsy of his bladder resulting in irreversible bladder damage. ECF No. 8, ¶ 15. This matter was referred to Magistrate Judge Christopher Brown for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

---

[1] Plaintiff Walker also sued Defendant United States of America pursuant to the Federal Tortious Claims Act ("FTCA") for gross medical negligence pursuant to 28 U.S.C. § 1346(b). United States of America filed its Answer to the Complaint on August 23, 2024 (ECF No. 25).

On February 10, 2025, Magistrate Judge Brown filed a Report and Recommendation (ECF No. 43) recommending that the Individual Defendants' Motion to Dismiss (ECF No. 22) be granted in its entirety. Plaintiff was advised that he may object to the Report and Recommendation on or before February 27, 2025. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff has filed no objections to the Report and Recommendation, and the time to do so has expired.

Upon de novo review of the complete record, and review of the Report and Recommendation (ECF No. 43), under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and under Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Brown in this matter. Magistrate Judge Brown correctly determined that Defendant Golden is shielded by absolute immunity. The law is undisputed on this matter.

Judge Brown also found, and this Court agrees, that Plaintiff's Eighth Amendment claims against Weidlich and Swindell arise in a new *Bivens* context and that special factors exist precluding extending a *Bivens* remedy. While the Court acknowledges the *Bivens* remedy extended for an Eighth Amendment violation in *Carlson v. Green*, 446 U.S. 14 (1980), the facts in *Carlson* are substantively different from the facts in Plaintiff's case. First, in *Carlson*, ordered medical treatment was not administered to the plaintiff, but instead he was given contraindicated care that led to his death. Second, Weidlich and Swindell, in their capacities as administrator and director, respectively, were not involved in Plaintiff's hands-on bladder treatment. Given they were not the individuals treating Plaintiff, they could not act with deliberate indifference to his medical needs. Thus, this Court also agrees with the finding in the Report and Recommendation

2

that Plaintiff failed to state a claim for Eighth Amendment deliberate indifference against Weidlich and Swindell.[2]

A plaintiff must plead a defendant's personal involvement in the alleged deprivation of his constitutional rights. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). That is because, as stated in the text of § 1983 itself, only a person who "subjects, or causes to be subjected" another person to a civil rights violation can be held liable under § 1983. Thus, each defendant is liable only for his or her own conduct. *See, e.g., id.*; *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Barkes v. First Correctional Med.*, 766 F.3d 307, 316 (3d Cir. 2014) (rev'd sub. nom. on other grounds 575 U.S. 822 (2015)); *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005) ("To impose liability on the individual defendants, Plaintiffs must show that each one individually participated in the alleged constitutional violation or approved of it.") (citing *C.H. v. Oliva*, 226 F.3d 198, 201-02 (3d Cir. 2000) (*en banc*)). Plaintiff asserted that Weidlich tried to "force" a biopsy of the adrenal gland while failing to address Plaintiff's bladder issues, though aware of Plaintiff's medical history. ECF No. 8, ¶¶ 23-24. As to Swindell, Plaintiff asserted that Swindell failed to intervene or to ensure proper diagnostic procedures were performed. ECF No. 8, ¶¶ 25-26. Plaintiff has not asserted facts to support a case against Weidlich or Swindell.

The Court of Appeals has identified two general ways in which a supervisor-defendant may be liable for alleged unconstitutional acts undertaken by subordinates. First, liability may attach if the supervisor, "with deliberate indifference to the consequences, established and maintained a

---

[2] Two requirements must be met to prove a violation of the Eighth Amendment: First, the deprivation of rights alleged must be, objectively, "sufficiently serious," and second, a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the second prong of the test, a prison official must have a "sufficiently culpable state of mind." *Id.* (citations omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.*

3

policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. *Id.* (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190 (3d Cir. 1995)). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. The record is devoid of allegations of any actions or policy written or enforced by Weidlich or Swindell.

Having determined that the Complaint fails to state a claim against Individual Defendants, the Court must now determine whether amendment to the Complaint would be futile. *See Hockenberry v. SCI Cambridge Springs/Pennsylvania Dep't of Corr.*, 2019 WL 2270345, at *3 (W.D. Pa. May 28, 2019) (stating "[t]he U.S. Court of Appeals for Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile").

Given the findings of absolute immunity for Defendant Golden and that a *Bivens* remedy cannot be extended, nor can an Eighth Amendment claim be supported against Defendants Weidlich and Swindell, the Court finds that amendment would be futile here. This case was thoroughly briefed, and no additional pleading could change this Court's ruling.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 6th day of May, 2025, IT IS ORDERED that Individual Defendants' Motion to Dismiss (ECF No. 22) hereby is GRANTED; and,

4

IT IS FURTHER ORDERED that Plaintiff's Complaint as it pertains to Defendants Golden, Weidlich, and Swindell hereby is DISMISSED with prejudice and these Defendants shall be terminated from the case by the Clerk of Courts; and

IT IS FURTHER ORDERED that Magistrate Judge Brown's Report and Recommendation (ECF No. 43) is adopted as the Opinion of the Court.

The case is returned to the jurisdiction of Magistrate Judge Brown for further proceedings as it pertains to the remaining Defendant United States of America.

Stephanie L. Haines
United States District Judge